UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IVAN LAMAR SMITH, | ) | Case No.: 1:14 CV 621 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, *et al.,* | ) ) ) | MEMORANDUM OF OPINION AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Ivan Lamar Smith filed this action against the Ohio Department of Rehabilitation and Correction Medical Department and Security ("ODRC"), Mansfield Correctional Institution ("MANCI") Corrections Officer Lower, MANCI Corrections Officer Johnson, and MANCI Nurse Jessica Fraland. In the Complaint, Plaintiff asserts he was assaulted by another inmate and did not receive prompt or adequate assistance. He seeks monetary damages.

**Background**

Plaintiff was assaulted by another inmate on June 21, 2013. He claims Inmate Pearson beat him with a rock, a lock and a bed spring stuffed into a sock. He states Officers Lower and Johnson were closest to him but took over a minute to stop the attack. He contends Officer Lower should have been able to intervene in two to three seconds. Officer Johnson was upstairs above him and

initially attempted to break up the altercation by spraying mace. When he saw that was not having an effect on Pearson, he came downstairs to assist. Plaintiff alleges Pearson hit him approximately ten times in the head and face before Pearson was subdued.

After the assault, Plaintiff was taken to the infirmary where he was treated by Nurse Fraland. He alleges she cleaned blood from his face and surmised from a visual inspection that he did not have any broken bones. She gave him some ice to help reduce the swelling. Plaintiff was then taken to segregation.

Plaintiff indicates he was still in pain on June 24, 2013. He reported to the infirmary where x-rays were taken of his face and head. Dr. Baumann read the x-rays and determined Plaintiff had suffered multiple facial fractures. He referred Plaintiff to the OSU Medical Center for a CT scan. The specialist that review the x-rays indicated to Plaintiff that the fractures had healed in their deformed positions and corrective surgery would only exacerbate the problem. He claims he suffered damage to his sinus cavity, and his eye socket resulting in numbness on the right side of his face.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*,

490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

**Analysis**

As an initial matter, Plaintiff does not specify the particular legal cause of action he intends to assert against the Defendants. Based on the nature of the allegations, the Court will liberally construe his Complaint as attempting to assert claims for violation of the Eighth Amendment. Because the Constitution does not directly provide for damages, Plaintiff must proceed under one of the civil rights statutes which authorizes an award of damages for alleged constitutional violations. *Sanders v. Prentice-Hall Corp. Sys*, 178 F.3d 1296 (6th Cir. 1999). As no other statutory provision appears to present an even arguably viable vehicle for the assertion of Plaintiff's claims, the Court construes these claims as arising under 42 U.S.C. § 1983.

The ODRC, however, is immune from damages in a § 1983 action. The Eleventh Amendment is an absolute bar to the imposition of liability upon states. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005). This immunity also extends to departments and agencies of states. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). The ODRC is an agency of the State of Ohio, and therefore, it is immune from suit under the Eleventh Amendment.

The remainder of Plaintiff's allegations can be divided into two types of Eighth Amendment claims. First, it appears he is asserting a claim of cruel and unusual punishment against Officers Lower and Johnson. He suggests they knew he was in danger and did not hurry to intervene to protect him. Second, it appears he is asserting a claim for deliberate indifference to serious medical needs against Nurse Fraland. He indicates that despite his physical appearance, she did not fully examine his injuries before deciding he did not require medical treatment.

At the pleading stage, Plaintiff is only required to state sufficient facts to suggest he has a claim for relief against the Defendants which is plausible on its face. Based on the allegations in

4

his pleading, he has stated a plausible Eighth Amendment claim against Officer Lower, Officer Johnson, and Nurse Fraland.

## Conclusion

Accordingly, Plaintiff's claims against the Ohio Department of Rehabilitation and Correction are dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1] This action shall proceed solely on Plaintiff's Eighth Amendment claims against Officer Lower, Officer Johnson, and Nurse Fraland. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the defendants.

IT IS SO ORDERED.

./s/SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

July 21, 2014

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.